JUDGMENT SENTENCE DATE _Dec. 18. 2014_
MOTION FOR NEW TRIAL FILED _✓_ YES ___ NO DATE _Jan 14, 2015_

_____
Deputy District Clerk

DRAWER #40

THE STATE OF TEXAS

VS.

_Alexis Murillo_

CAUSE NO. _F13-62223-U_

_291st_ DISTRICT COURT_____

DALLAS COUNTY, TEXAS

FILED IN
5th COURT OF APPEALS
DALLAS, TEXAS
1/28/2015 11:56:49 AM
LISA MATZ
Clerk

### DEFENDANT'S NOTICE OF APPEAL AND PAUPER OATH

### APPOINTMENT OF ATTORNEY ON APPEAL

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now Defenant in the above cause and states: I am the defendant in the above cause; I was convicted in this cause and now give Notice of Appeal to the Texas Court of Appeals for the Fifth Supreme Judicial District of Texas of Dallas, Texas, and that I am penniless, destitute and indigent person, too poor to employ counsel to represent me on the appeal, and too poor to pay for or give security for the Statement of Facts and a true copy thereof herein. WHEREFORE, I pray that the Court will appoint an attorney to represent me in this appeal and that the Court will order the Court Reporter of this Court to prepare and deliver me or my appointed Counsel the original and a true copy of the Statement of Facts in this case, together with all exhibits attached thereto if practical.

X _____
Defendant

BEFORE ME, the undersigned authority, personally appeared the above Defendant, known to me to be the person whose signature appears above, and after being duly sworn on oath states that he is the defendant in the above cause, and that the matters and things set forth in the foregoing are true and correct in all things.

_Felicita Tirre_

~~JIM HAMLIN~~
DISTRICT CLERK
Dallas County, Texas

By _____
Deputy District Clerk

### ORDER

The Defendant having requested the Court to appoint Counsel,

it is Ordered the Honorable _STEPHANIE N. MITCHELL_

Address: _SHARITA BLACKNALL, 3131 McKINNEY ST., STE. 600, DALLAS, TX_

a regular licensed and practicing attorney of Texas, be, and he/she is hereby appointed to represent Defendant in prosecuting his/her appeal herein, and it is further Ordered that the Court Reporter is hereby directed to transcribe all of the notes as same may appertain to this cause and as taken during the trial of this cause which began on

_DECEMBER 18_ , _2014_ , and make Statement of Facts in duplicate and furnish same to defendant or his appointed Counsel.

_____
Judge

FORM 40

Cause No. _F13-62223-U_

THE STATE OF TEXAS      §      IN THE ___Judicial___

VS.      §      DISTRICT COURT ___291st___

___Alexis Murillo___      §      DALLAS COUNTY, TEXAS

## TRIAL COURT'S CERTIFICATION OF DEFENDANT'S RIGHT OF APPEAL*

I, judge of the trial court, certify this criminal case:

☑ is not a plea-bargain case, and the defendant has the right of appeal, [or]

☐ is a plea-bargain case, but matters were raised by written motion filed and ruled on before trial, and not withdrawn or waived, and the defendant has the right of appeal, [or]

☐ is a plea-bargain case, but the trial court has given permission to appeal, and the defendant has the right of appeal, [or]

☐ is a plea-bargain case, and the defendant has NO right of appeal, [or]

☐ the defendant has waived the right of appeal, [or]

☐ other (please specify): _____

___Jennifer Balido___        _12-18-2014_ / _11-13-14_

Judge                  Date Signed

I have received a copy of this certification. I have also been informed of my rights concerning any appeal of this criminal case, including any right to file a *pro se* petition for discretionary review pursuant to Rule 68 of the Texas Rules of Appellate Procedure. I have been admonished that my attorney must mail a copy of the court of appeals' judgment and opinion to my last known address and that I have only 30 days in which to file a *pro se* petition for discretionary review in the Court of Criminal Appeals. Tex. R. App. P. 68.2. I acknowledge that, if I wish to appeal this case and if I am entitled to do so, it is my duty to inform my appellate attorney, by written communication, of any change in the address at which I am currently living or any change in my current prison unit. I understand that, because of appellate deadlines, if I fail to timely inform my appellate attorney of any change in my address, I may lose the opportunity to file a *pro se* petition for discretionary review.

___X Col Murillo___         _____

Defendant (if not represented by counsel)    Defendant's Counsel # _13937560_

Mailing Address:                    State Bar No.:

                                   Mailing Address:

Telephone #:

Fax # (if any):                       Telephone #:

                                   Fax # (if any):

* A defendant in a criminal case has the right of appeal under these rules. The trial court shall enter a certification of the defendant's right to appeal in every case in which it enters a judgment of guilt or other appealable order. In a plea bargain case- --- that is, a case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant ---- a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, or (B) after getting the trial court's permission to appeal." TEXAS RULE OF APPELLATE PROCEDURE 25.2(a)(2).

FILED

CAUSE NO. 5E-14-1222-U

| | | |
|---|---|---|
| THE STATE OF TEXAS | () | IN THE 291st DISTRICT |
| VS | () | COURT OF |
| | () | |
| ALEXIS MURILLO | () | DALLAS COUNTY, TEXAS |

## MOTION FOR NEW TRIAL

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Defendant, Alexis Murillo, in the above styled and numbered cause, Pro Se pursuant to Rule 21, et seq. Texas Rules of Appellate Procedure, files her Motion for New Trial in this case and moves the Court to grant her a new trial herein for the good and sufficient reasons as follows:

I.

Defendant was charged by indictment with the offense of Aggravated Kidnapping, and was represented at her trial by retained counsel. Defendant waived trial by jury and entered a plea of guilty to the indictment. Defendant was found guilty of the offense of Aggravated Kidnapping. Punishment was assessed by the judge. A sentence of 15 years imprisonment was imposed in open court on January 18, 2014. Thirty days has not elapsed since the imposition of said sentence.

II.

Defendant's conviction is void due to ineffective assistance of counsel prior to and during trial on the merits.

Defendant states that counsel was ineffective in the following manner:

1. Defense counsel failed to properly investigate this case in regard to presenting mitigating evidence at the punishment hearing. I informed counsel that there was an eyewitness to the alleged offense, if any, was committed by me in being present at the scene of the alleged crime. Her name is Marie Royaa, an ex girlfriend of mine, that could and would have testified to my very limited involvement, if any, in this alleged offense committed by other named co-defendants. I told counsel of this witness and how to locate her but nothing was done to bring this valuable witness who could corroborate my testimony and add further mitigation evidence to support a lessor sentence then that which I received from the trial court.

The issue of ineffective assistance of counsel may be raised in a motion for new trial. *Reyes v. State*, 849 S.W. 2d 812 (Tex. Crim.App. 1993) and *Morales v. State*, 910 S.W.2d 642 (Tex. App. – Beaumont 1995).

III.

Defendant alleges that counsel's performance was deficient and that it prejudiced Defendant's defense to such a degree that he was denied a fair trial. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed. 2d 674(1984). Both the Sixth Amendment to the United States Constitution and Article 1 Sec. 10 of the Texas Constitution provide for the right to effective assistance of counsel. This right applies during the plea bargaining process. Ex Parte Wilson, 724 S.W.2d 72 (Tex. Crim.App. 1987)

IV.

Defendant's counsel's performance in light of the aforementioned allegations constituted ineffective assistance of counsel that rendered her conviction and or punishment hearing void. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052 (1984). Ex Parte Duffy, 607 S.W.2d 507 (Tex.Crim. App.-1980) and Ex Parte Cruz, 739 S.W.2d 53 (Tex. Crim.App. 1987). See also Ex Parte Pool, 738 S.W.2d 285 (Tex. Crim. App. 1987), Ex Parte Adams, 707 S.W.2d 646 (Tex. Crim. App. 1986).

V.

Defendant's plea of guilty was involuntary contrary to Article 26.13 C.C.P., in that it was not done with sufficient understanding of the constitutional protections she was waiving and due to the aforementioned allegation.

## VI.

The verdict or judgment is contrary to the law and the evidence.

## VII.

This motion should be granted in the interest of justice as her sentenced is greatly

disproportionate to her minimal involvement in this offense.

## VIII.

Wherefore Premises Considered, Defendant prays this Honorable Court set this Motion for

New Trial for hearing and after said hearing, that this motion be granted and the Defendant be

given a new trial in this case in the interest of justice.

Respectfully submitted,

X _Alexis Murillo_

Alexis Murillo, Pro Se
Dallas County Jail
Bookin Number 14028077
North Tower 7W02

# VERIFICATION

**THE STATE OF TEXAS**
**COUNTY OF DALLAS**

See attached Affidavit of the Defendant that is incorporated herein by reference as if set out verbatim.

# ORDER SETTING HEARING

On this _____ day of _____, 2015, the Defendant's Motion for a New Trial was timely presented to the Court by Defendant and it appearing that said Motion is verified and supported by inmate affidavit, the Defendant is entitled to a hearing on the Defendant's Motion for New Trial.

It is therefore ordered that said Motion be set for hearing before this Court on the _____ day of _____, _____, at ___ o'clock ___ M.

_____
Judge Presiding

# CAUSE NO. F13-62223-U

| | | |
|---|---|---|
| THE STATE OF TEXAS | () | IN THE 291st DISTRICT |
| | () | |
| VS | () | COURT OF |
| | () | |
| ALEXIS MURILLO | () | DALLAS COUNTY, TEXAS |

## ORDER

On _____ day of _____, _____, came on to be heard the motion of Defendant, Alexis Murillo, to set aside the verdict and judgment herein rendered, and grant her a new trial of this cause; and the state being present in court by her assistant district attorney and the Defendant, Alexis Murillo, being present in court in person, and the court having heard the said motion, and the evidence thereon submitted, is of the opinion the same should be granted. It is therefore considered, ordered and adjudged by the court that the said motion be and the same is granted; and the verdict, judgment of conviction and sentence entered against the said defendant, Alexis Murillo, at a former day of this term are set aside and vacated, and the said defendant is granted a new trial of this cause.

_____
Judge Presiding

OR

## ORDER DENYING MOTION FOR NEW TRIAL

It is therefore considered, ordered, and adjudged by the court that the said motion for new

trial herein be and the same is refused, and in all things overruled.

_____

Judge Presiding

# INMATE AFFIDAVIT

INMATE DECLARATION (Chapter 132, Texas Civil Practice and Remedies Code). I, Alexis Murillo, declare under penalty of perjury that I am incarcerated in the Dallas County Jail, a penal institution and that I have read the aforegoing statements in the Motion for New Trial and state that the statements are true and correct. I further request an evidentiary hearing to substantiate the aforementioned allegations by evidence to be adduced at said hearing.

Signed this the _____January 14_____, 2015.

x _____
Alexis Murillo
BIN#  14028077
Dallas County Jail

Witnessed by:

_____, Jailer

FILED
2014 JAN 14 PM 1: 18

GARY FITZSIMMONS
DISTRICT CLERK
DALLAS CO. TEXAS

_____
DEPUTY

CAUSE NO. F13-62149-U

| | | |
|---|---|---|
| THE STATE OF TEXAS | () | IN THE 291st DISTRICT |
| VS | () | COURT OF |
| | () | |
| ALEXIS MURILLO | () | DALLAS COUNTY, TEXAS |

## MOTION FOR NEW TRIAL

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Defendant, Alexis Murillo, in the above styled and numbered cause, Pro Se pursuant to Rule 21, et seq. Texas Rules of Appellate Procedure, files her Motion for New Trial in this case and moves the Court to grant her a new trial herein for the good and sufficient reasons as follows:

### I.

Defendant was charged by indictment with the offense of Sexual Assault, and was represented at her trial by retained counsel. Defendant waived trial by jury and entered a plea of guilty to the indictment. Defendant was found guilty of the offense of Sexual Assault. Punishment was assessed by the judge. A sentence of 10 years imprisonment was imposed in open court on January 18, 2014. Thirty days has not elapsed since the imposition of said sentence.

## II.

Defendant's conviction is void due to ineffective assistance of counsel prior to and during trial on the merits.

Defendant states that counsel was ineffective in the following manner:

1. Defense counsel failed to properly investigate this case in regard to presenting mitigating evidence at the punishment hearing. I informed counsel that there was an eyewitness to the alleged offense, if any, was committed by me in being present at the scene of the alleged crime. Her name is Marie Royaa, an ex girlfriend of mine, that could and would have testified to my very limited involvement, if any, in this alleged offense committed by other named co-defendants. Additionally, there was another eye witness named Edmundo Lerna, who could have given similar testimony as Marie Royaa. I told counsel of these witnesses and how to locate them but nothing was done to bring these valuable witnesses who could corroborate my testimony and add further mitigation evidence to support a lessor sentence then that which I received from the trial court.

The issue of ineffective assistance of counsel may be raised in a motion for new trial. *Reyes v. State*, 849 S.W. 2d 812 (Tex. Crim.App. 1993) and *Morales v. State*, 910 S.W.2d 642 (Tex. App. – Beaumont 1995).

III.

Defendant alleges that counsel's performance was deficient and that it prejudiced Defendant's defense to such a degree that he was denied a fair trial. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed. 2d 674(1984). Both the Sixth Amendment to the United States Constitution and Article 1 Sec. 10 of the Texas Constitution provide for the right to effective assistance of counsel. This right applies during the plea bargaining process. Ex Parte Wilson, 724 S.W.2d 72 (Tex. Crim.App. 1987)

IV.

Defendant's counsel's performance in light of the aforementioned allegations constituted ineffective assistance of counsel that rendered her conviction and or punishment hearing void. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052 (1984). Ex Parte Duffy, 607 S.W.2d 507 (Tex.Crim. App.–1980) and Ex Parte Cruz, 739 S.W.2d 53 (Tex. Crim.App. 1987). See also Ex Parte Pool, 738 S.W.2d 285 (Tex. Crim. App. 1987), Ex Parte Adams, 707 S.W.2d 646 (Tex. Crim. App. 1986).

V.

Defendant's plea of guilty was involuntary contrary to Article 26.13 C.C.P., in that it was not done with sufficient understanding of the constitutional protections she was waiving and due to the aforementioned allegation.

VI.

The verdict or judgment is contrary to the law and the evidence.

VII.

This motion should be granted in the interest of justice as her sentenced is greatly

disproportionate to her minimal involvement in this offense.

VIII.

Wherefore Premises Considered, Defendant prays this Honorable Court set this Motion for

New Trial for hearing and after said hearing, that this motion be granted and the Defendant be

given a new trial in this case in the interest of justice.

Respectfully submitted,

X _Alexis Murillo_

Alexis Murillo, Pro Se
Dallas County Jail
Bookin Number 14028077
North Tower 7W02

# VERIFICATION

**THE STATE OF TEXAS**
**COUNTY OF DALLAS**

See attached Affidavit of the Defendant that is incorporated herein by reference as

if set out verbatim.

# ORDER SETTING HEARING

On this _____ day of _____, 2015, the Defendant's Motion for a New Trial was

timely presented to the Court by Defendant and it appearing that said Motion is verified and

supported by inmate affidavit, the Defendant is entitled to a hearing on the Defendant's Motion for

New Trial.

It is therefore ordered that said Motion be set for hearing before this Court on the _____

day of _____, _____, at ___ o'clock __ M.

_____
Judge Presiding

CAUSE NO. F13–62149–U

| THE STATE OF TEXAS | () | IN THE 291st DISTRICT |
| | () | |
| VS | () | COURT OF |
| | () | |
| ALEXIS MURILLO | () | DALLAS COUNTY, TEXAS |

## ORDER

On _____ day of _____, _____, came on to be heard the motion of Defendant,

Alexis Murillo, to set aside the verdict and judgment herein rendered, and grant her a new trial of

this cause; and the state being present in court by her assistant district attorney and the Defendant,

Alexis Murillo, being present in court in person, and the court having heard the said motion, and

the evidence thereon submitted, is of the opinion the same should be granted. It is therefore

considered, ordered and adjudged by the court that the said motion be and the same is granted; and

the verdict, judgment of conviction and sentence entered against the said defendant, Alexis

Murillo, at a former day of this term are set aside and vacated, and the said defendant is granted a

new trial of this cause.

_____
Judge Presiding

## INMATE AFFIDAVIT

INMATE DECLARATION (Chapter 132, Texas Civil Practice and Remedies Code). I, Alexis Murillo, declare under penalty of perjury that I am incarcerated in the Dallas County Jail, a penal institution and that I have read the aforegoing statements in the Motion for New Trial and state that the statements are true and correct. I further request an evidentiary hearing to substantiate the aforementioned allegations by evidence to be adduced at said hearing.

Signed this the ___January 14___, 2015.

x _Cecf. Murillo_

Alexis Murillo

BIN#__14028077_____

Dallas County Jail

Witnessed by:

_____, Jailer



CASE No. F-1362223-U
INCIDENT No./TRN: 9176465861

| THE STATE OF TEXAS | § | IN THE 291st JUDICIAL DISTRICT |
| | § | |
| V. | § | COURT |
| | § | |
| ALEXIS MURILLO | § | DALLAS COUNTY, TEXAS |
| | § | |
| STATE ID No.: TX50225935 | § | |

# JUDGMENT OF CONVICTION BY COURT—WAIVER OF JURY TRIAL

| Judge Presiding: | HON. **Jennifer Balido** | Date Judgment Entered: | **12/18/2014** |
| Attorney for State: | **Trey Stock** | Attorney for Defendant: | **Alonse Mendez** |

Offense for which Defendant Convicted:
**AGGRAVATED KIDNAPPING**

| Charging Instrument: | Statute for Offense: |
| **INDICTMENT** | **20.04 Penal Code** |

Date of Offense:
**9/28/2013**

| Degree of Offense: | Plea to Offense: | Findings on Deadly Weapon: |
| **1ST DEGREE FELONY** | **GUILTY** | **YES, A FIREARM** |

Terms of Plea Bargain:
**OPEN**

| Plea to 1st Enhancement Paragraph: | **N/A** | Plea to 2nd Enhancement/Habitual Paragraph: | **N/A** |
| Findings on 1st Enhancement Paragraph: | **N/A** | Findings on 2nd Enhancement/Habitual Paragraph: | **N/A** |

| Date Sentence Imposed: | **12/18/2014** | Date Sentence to Commence: | **12/18/2014** |

| Punishment and Place of Confinement: | **15 YEARS INSTITUTIONAL DIVISION, TDCJ** |

THIS SENTENCE SHALL RUN **CONCURRENTLY.**

☐ SENTENCE OF CONFINEMENT SUSPENDED, DEFENDANT PLACED ON COMMUNITY SUPERVISION FOR **N/A** .

| Fine: | Court Costs: TIME SERVED | Restitution: | Restitution Payable to: |
| $ **N/A** | $ **224** | $ **N/A** (see below) | ☐ AGENCY/AGENT ☐ VICTIM |

☐ **Attachment A, Order to Withdraw Funds, is incorporated into this judgment and made a part hereof.**

**Sex Offender Registration Requirements do not apply to the Defendant.** TEX. CODE CRIM. PROC. chapter 62

The age of the victim at the time of the offense was **N/A** .

| Time Credited: | If Defendant is to serve sentence in TDCJ, enter incarceration periods in chronological order. |
| | From **11/5/2013** to **1/23/2014**    From **5/9/2014** to **12/18/2014**    From    to |
| | From    to    From    to    From    to |
| | If Defendant is to serve sentence in county jail or is given credit toward fine and costs, enter days credited below. |
| | **N/A DAYS**    NOTES: **N/A** |

All pertinent information, names and assessments indicated above are incorporated into the language of the judgment below by reference.

This cause was called for trial in Dallas County, Texas. The State appeared by her District Attorney.
**Counsel / Waiver of Counsel (select one)**
☒ Defendant appeared in person with Counsel.



☐ Defendant knowingly, intelligently, and voluntarily waived the right to representation by counsel in writing in open court.

Both parties announced ready for trial. Defendant waived the right of trial by jury and entered the plea indicated above. The Court then admonished Defendant as required by law. It appeared to the Court that Defendant was mentally competent to stand trial, made the plea freely and voluntarily, and was aware of the consequences of this plea. The Court received the plea and entered it of record. Having heard the evidence submitted, the Court found Defendant guilty of the offense indicated above. In the presence of Defendant, the Court pronounced sentence against Defendant.

The Court FINDS Defendant committed the above offense and ORDERS, ADJUDGES AND DECREES that Defendant is GUILTY of the above offense. The Court FINDS the Presentence Investigation, if so ordered, was done according to the applicable provisions of TEX. CODE CRIM. PROC. art. 42.12 § 9.

The Court ORDERS Defendant punished as indicated above. The Court ORDERS Defendant to pay all fines, court costs, and restitution as indicated above.

**Punishment Options (select one)**

☒ **Confinement in State Jail or Institutional Division.** The Court ORDERS the authorized agent of the State of Texas or the Sheriff of this County to take, safely convey, and deliver Defendant to the **Director, Institutional Division, TDCJ.** The Court ORDERS Defendant to be confined for the period and in the manner indicated above. The Court ORDERS Defendant remanded to the custody of the Sheriff of this county until the Sheriff can obey the directions of this sentence. The Court ORDERS that upon release from confinement, Defendant proceed immediately to the Dallas County District Clerk Felony Collections Department. Once there, the Court ORDERS Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.

☐ **County Jail—Confinement / Confinement in Lieu of Payment.** The Court ORDERS Defendant immediately committed to the custody of the Sheriff of Dallas County, Texas on the date the sentence is to commence. Defendant shall be confined in the Dallas County Jail for the period indicated above. The Court ORDERS that upon release from confinement, Defendant shall proceed immediately to the Dallas County District Clerk Felony Collections Department. Once there, the Court ORDERS Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.

☐ **Fine Only Payment.** The punishment assessed against Defendant is for a **FINE ONLY.** The Court ORDERS Defendant to proceed immediately to the Office of the Dallas County District Clerk Felony Collections Department. Once there, the Court ORDERS Defendant to pay or make arrangements to pay all fines and court costs as ordered by the Court in this cause.

**Execution / Suspension of Sentence (select one)**

☒ The Court ORDERS Defendant's sentence EXECUTED.

☐ The Court ORDERS Defendant's sentence of confinement SUSPENDED. The Court ORDERS Defendant placed on community supervision for the adjudged period (above) so long as Defendant abides by and does not violate the terms and conditions of community supervision. The order setting forth the terms and conditions of community supervision is incorporated into this judgment by reference.

The Court ORDERS that Defendant is given credit noted above on this sentence for the time spent incarcerated.

**Furthermore, the following special findings or orders apply:**

Signed and entered on

X _Jennifer Balido_
Jennifer Balido
JUDGE PRESIDING

Clerk: A. WINSTON

*Thumbprint Certification attached.

# JUDGMENT
## CERTIFICATE OF THUMBPRINT

**THE STATE OF TEXAS**

CAUSE NO. F _13-62223 . 11_

**VS.**

_Alexis Murillo_

JUDICIAL **291st**   DISTRICT COURT ____

DALLAS COUNTY, TEXAS

**RIGHT THUMB**

DEFENDANT'S ___R___ **HAND**

THIS IS TO CERTIFY THAT THE FINGERPRINTS ABOVE ARE THE ABOVE-
NAMED DEFENDANT'S FINGERPRINTS TAKEN AT THE TIME OF DISPOSITION
OF THE ABOVE STYLED AND NUMBERED CAUSE.

DONE IN COURT THIS _13th_ DAY OF _Nov_ , 20 _14_ .

**BAILIFF/DEPUTY SHERIFF**

*INDICATE HERE IF PRINT OTHER THAN DEFENDANT'S RIGHT THUMBPRINT IS PLACED IN BOX:

_____ LEFT THUMBPRINT        _____ LEFT/RIGHT INDEX FINGER

_____ OTHER, _____

SIGNED AND ENTERED ON THIS _14_ DAY OF _Nov_ , 20 _14_ .

**PRESIDING JUDGE**

THE STATE OF TEXAS

VS. *Alexis Murillo*

CAUSE NO. F 13-67723-U

JUDICIAL 291st    DISTRICT COURT _____

DALLAS COUNTY, TEXAS

## PLEA AGREEMENT

State ID No: _____

Attorney for State: _____

Offense: *Agg. Kidnapping*

Statute for Offense: _____

Date of Offense: *9-28-13*

Incident No / TRN: _____

Attorney for Defendant: *Al Mendez*

Charging Instrument:  [✓] Indictment    [ ] Information

Degree of Offense: *1st*

Affirmative finding of deadly weapon:  [✓] YES    [ ] NO    Type of Weapon: *Firearm*

Affirmative finding of family violence:  [ ] YES    [✓] NO    Ignition Interlock required  [ ] YES  [✓] NO

Affirmative finding of bias or prejudice:  [ ] YES    [✓] NO    If yes, Group: *N/A*

Sentence to run  [✓] CONCURRENTLY    [ ] CONSECUTIVELY    WITH *F-13-67149-U*

Time Credit:    From *11-5-13*  to *1-21-14*    From *5-9-14*    To *11-13-14*

Sex Offender Registration  [ ] DOES  [✓] DOES NOT  apply.    Age of victim at time of offense: *N/A*

## TO THE HONORABLE JUDGE OF SAID COURT:

The defendant herein and the attorneys for both the defendant and the State waive a jury trial and make the following agreement:

| Defendant's Plea: | [✓] Guilty | [ ] Nolo contendere |
| | [✓] Defendant will testify. | [ ] Defendant will not testify |
| Plea to enhancement paragraph(s): | [ ] True | [ ] Not true |
| Type of Plea: | [ ] Plea bargain | [✓] Open plea |

Open as to:    [ ] Fine    [ ] Restitution    [ ] Community Supervision    [ ] Deferred Adjudication

[ ] Other _____

State's recommendation:

Agreed sentence:

[ ] Confinement in [ ] penitentiary [ ] state jail [ ] county jail for _____ [ ] years [ ] months [ ] days

[ ] Post-conviction community supervision, confinement probated for _____ [ ] years [ ] months [ ] days

[ ] Deferred community supervision for _____ [ ] years [ ] months [ ] days

[ ] Fine of $_____ [ ] to be paid [ ] to be probated

[ ] Boot Camp [ ] Shock Probation [ ] Substance Abuse Felony Program

[ ] CENIKOR [ ] Judicial Treatment Center [ ] Dallas County Jail Chemical Dependency Program

[ ] Restitution in the amount of $_____

[ ] Defendant will sign waiver of extradition [ ] Defendant knowingly and voluntarily waives appeal

[ ] Defendant Waives a court reporter    [✓] Other: *implicate codefendants*

[ ] Back-time included: _____    [ ] Back time NOT included

*with implication*

☐ **CHANGE OF NAME** *(Applicable only if box is checked)*

The defendant having suggested that his/her true name is other than that set forth in the charging instrument, and having moved that the charging instrument and all other documents in this cause be amended to show his/her true name to be_____ , said motion is hereby granted. It is so ordered.

## COURT'S ADMONITIONS TO DEFENDANT

You are charged with the offense of:_____ *AGG. KIDNAPPING*_____.
The punishment range for the offense charged is:

☑ 1st Degree Felony, 5-99 years or Life and an optional fine not to exceed $10,000.00
☐ 2nd Degree Felony, 2-20 years confinement and an optional fine not to exceed $10,000.00
☐ 3rd Degree Felony, 2-10 years confinement and an optional fine not to exceed $10,000.00
☐ State Jail Felony, 180 days – 2 years State Jail and an optional fine not to exceed $10,000.00
☐ _____.

You have an absolute right to a jury trial, to confront and cross-examine the witnesses against you, and to call witnesses in your own behalf. You have a right to testify, but you cannot be compelled to do so. The prosecuting attorney's recommendation as to punishment is not binding on the Court. If the Court rejects any plea bargain made in this case, you may withdraw your plea of guilty or *nolo contendere*. If the punishment assessed by the Court is not greater than that which you have plea-bargained, you may not appeal on any matter in the case unless the Court grants permission for the appeal or the matters appealed were raised by written motion filed and ruled on before the plea. If you enter a plea of guilty or *nolo contendere* and there is no plea bargain, the court may assess your punishment anywhere within the range allowed by law. If you are not a citizen of the United States, a plea of guilty or *nolo contendere* may, and under current Federal Immigration rules *is almost certain to*, result in your deportation, removal, exclusion from admission to the United States, or denial of naturalization. If you have a court-appointed attorney, you have a right to ten days from the date of the attorney's appointment to prepare for trial. You have the right to be tried on an indictment returned by a Grand Jury, and, unless you are on bond, a right to two entire days after being served with a copy of the charging instrument before being arraigned. If you receive unadjudicated community supervision and violate its conditions, you may be arrested and subjected to a hearing limited to determining whether or not guilt should be adjudicated. If guilt is adjudicated the full range of punishment is open to the Court. All proceedings, including assessment of punishment, pronouncement of sentence, granting of community supervision, and an appeal, then continue as if the adjudication of guilt had not been deferred. [In sex offense cases, see Court's Admonition to Sex Offenders, which is incorporated by reference and attached hereto.]

## DEFENDANT'S STATEMENTS AND WAIVERS

With the approval of counsel, defendant makes the following statements and waivers. I am the accused in the charging instrument and am mentally competent. I understand the nature of the accusation made against me, the range of punishment for such offense, and the consequences of a plea of guilty or *nolo contendere*. I understand that I have an absolute right to a jury trial, that I have the right to remain silent, that anything I say can and will be used against me, that I have the right to confront and cross-examine the witness against me, and that I have a right to be tried upon an indictment returned by a grand jury. I understand that if

I am not a United States citizen, a plea of guilty or *nolo contendere* will probably result in my deportation from the United States, exclusion from admission to the United States, or denial of naturalization under Federal law.

I hereby waive my right to be tried on an indictment returned by a grand jury; any and all defects, errors, or irregularities, whether of form or substance, in the charging instrument; my right to a jury trial; and my right to remain silent. I waive arraignment and reading of the charging instrument; the appearance, confrontation, and cross-examination of witnesses on the issues of guilt and punishment; my right to ten days to prepare for trial after the appointment of counsel (if counsel has been appointed); and the preparation of a pre-sentence report. I consent to the oral or written stipulation of evidence or testimony, to the introduction of testimony by affidavits or written statements of witnesses, and to all other documentary evidence.

I admit and judicially confess that I committed the offense of ____ABC. RUNAWAY____, on ____4.28.13____, exactly as alleged in the charging instrument. I affirm that my plea and judicial confession are freely and voluntarily made, and not influenced by any consideration of fear, persuasion, or delusive hope of pardon or parole.

I understand the admonitions regarding unadjudicated community supervision, and that I will be required to register as a sex offender if convicted of, or placed on community supervision for, one of the offenses enumerated under Court's Admonition to Sex Offenders, attached hereto. I understand that under the Uniform Extradition Act, should I be charged with a violation of my community supervision and be arrested in another state, I have the right to require the issuance and service of a warrant of extradition, the right to hire legal counsel, or, if indigent, to have counsel appointed, and the right to apply for a writ of habeas corpus to contest my arrest and return to this State.

☑ I voluntarily and knowingly waive my rights under the Extradition Act, waive extradition, and waive my right to contest my return to the State of Texas from any jurisdiction where I may be found. I understand and agree that such waiver is irrevocable.

☐ I understand that I have a right to appeal to the Court of Appeals. After consulting with my attorney, I do expressly, voluntarily, knowingly, and intelligently give up and waive my right to any appeal if the Court follows the terms of the State's recommendation as to sentencing.

☐ I waive and give up my right to have a court reporter make a record of these court proceedings as provided by Rule 13.1 of the Texas Rules of Appellate Procedure.

☐ **DEFENDANT'S PLEA TO ENHANCEMENT PARAGRAPH(S) (Applicable only if box is checked)**

I, the defendant, plead true to the enhancement allegations included in the:

☐ first                    ☐ second                    ☐ first & second

enhancement paragraph(s) which is/are contained in the charging instrument or the State's Notice of Enhancement, and judicially confess that I am the same person who was previously duly and legally convicted of the offense(s) alleged therein.

## SIGNATURES AND ACKNOWLEDGMENTS

I, the defendant herein, acknowledge that my attorney has explained to me, and I have read and I understand, all the foregoing admonitions and warnings regarding my rights and my plea, and that my statements and waivers are knowingly, freely, and voluntarily made with full understanding of the consequences. I request that the Court accept all my waivers, statements, agreements, and my plea.

_____11-13-14_____
Date

X _____
Defendant

_____
Printed Name

I have consulted with the defendant, whom I believe to be competent, concerning the plea in this case and have advised the defendant of his/ her rights. I approve and agree to all waivers, statements, and agreements of the defendant herein and ask the Court to accept them and the defendant's plea.

_____11-13-14_____
Date

_____
Attorney for Defendant

_____13932560_____
State Bar Number

_____
Printed Name

As attorney for the State, I hereby consent to and approve the requests, waivers, agreements, and stipulations in this instrument.

_____11/13/14_____
Date

CRAIG WATKINS, Criminal District Attorney, Dallas County

_____
Assistant District Attorney

_____24043474_____
State Bar Number

_____
Printed Name

It appearing to the Court that the defendant is mentally competent and is represented by counsel, that the defendant understands the nature and consequences of the charge, and that all the parties have consented to and approved the waiver of jury trial and stipulations of evidence, the Court finds the waivers, agreements, and plea to have been knowingly, freely, and voluntarily made, approves the waivers and agreements, accepts the defendant's plea, approves the stipulation of testimony, and approves the change of name contained herein (if applicable).

_____NOV 13 2014_____
Date

_____
Judge

## CAUSE NO. F13-62223-U

| | | |
|---|---|---|
| **THE STATE OF TEXAS** | () | **IN THE 291st DISTRICT** |
| | () | |
| **VS** | () | **COURT OF** |
| | () | |
| **ALEXIS MURILLO** | () | **DALLAS COUNTY, TEXAS** |

## MOTION FOR NEW TRIAL

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Defendant, Alexis Murillo, in the above styled and numbered cause, Pro Se pursuant to Rule 21, et seq. Texas Rules of Appellate Procedure, files her Motion for New Trial in this case and moves the Court to grant her a new trial herein for the good and sufficient reasons as follows:

I.

Defendant was charged by indictment with the offense of Aggravated Kidnapping, and was represented at her trial by retained counsel. Defendant waived trial by jury and entered a plea of guilty to the indictment. Defendant was found guilty of the offense of Aggravated Kidnapping. Punishment was assessed by the judge. A sentence of 15 years imprisonment was imposed in open court on January 18, 2014. Thirty days has not elapsed since the imposition of said sentence.

II.

Defendant's conviction is void due to ineffective assistance of counsel prior to and during trial on the merits.

Defendant states that counsel was ineffective in the following manner:

1.  Defense counsel failed to properly investigate this case in regard to presenting mitigating evidence at the punishment hearing. I informed counsel that there was an eyewitness to the alleged offense, if any, was committed by me in being present at the scene of the alleged crime. Her name is Marie Royaa, an ex girlfriend of mine, that could and would have testified to my very limited involvement, if any, in this alleged offense committed by other named co-defendants. I told counsel of this witness and how to locate her but nothing was done to bring this valuable witness who could corroborate my testimony and add further mitigation evidence to support a lessor sentence then that which I received from the trial court.

The issue of ineffective assistance of counsel may be raised in a motion for new trial. *Reyes v. State*, 849 S.W. 2d 812 (Tex. Crim.App. 1993) and *Morales v. State*, 910 S.W.2d 642 (Tex. App. – Beaumont 1995).

## III.

Defendant alleges that counsel's performance was deficient and that it prejudiced Defendant's defense to such a degree that he was denied a fair trial. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed. 2d 674(1984). Both the Sixth Amendment to the United States Constitution and Article 1 Sec. 10 of the Texas Constitution provide for the right to effective assistance of counsel. This right applies during the plea bargaining process. Ex Parte Wilson, 724 S.W.2d 72 (Tex. Crim.App. 1987)

## IV.

Defendant's counsel's performance in light of the aforementioned allegations constituted ineffective assistance of counsel that rendered her conviction and or punishment hearing void. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052 (1984). Ex Parte Duffy, 607 S.W.2d 507 (Tex.Crim. App.–1980) and Ex Parte Cruz, 739 S.W.2d 53 (Tex. Crim.App. 1987). See also Ex Parte Pool, 738 S.W.2d 285 (Tex. Crim. App. 1987), Ex Parte Adams, 707 S.W.2d 646 (Tex. Crim. App. 1986).

## V.

Defendant's plea of guilty was involuntary contrary to Article 26.13 C.C.P., in that it was not done with sufficient understanding of the constitutional protections she was waiving and due to the aforementioned allegation.

## VI.

The verdict or judgment is contrary to the law and the evidence.

## VII.

This motion should be granted in the interest of justice as her sentenced is greatly

disproportionate to her minimal involvement in this offense.

## VIII.

Wherefore Premises Considered, Defendant prays this Honorable Court set this Motion for

New Trial for hearing and after said hearing, that this motion be granted and the Defendant be

given a new trial in this case in the interest of justice.

Respectfully submitted,

X _C. A. Murillo_

Alexis Murillo, Pro Se
Dallas County Jail
Bookin Number 14028077
North Tower 7W02

# VERIFICATION

**THE STATE OF TEXAS**
**COUNTY OF DALLAS**

      See attached Affidavit of the Defendant that is incorporated herein by reference as

if set out verbatim.

# ORDER SETTING HEARING

      On this _____ day of _____, 2015, the Defendant's Motion for a New Trial was

timely presented to the Court by Defendant and it appearing that said Motion is verified and

supported by inmate affidavit, the Defendant is entitled to a hearing on the Defendant's Motion for

New Trial.

      It is therefore ordered that said Motion be set for hearing before this Court on the _____

day of _____, _____, at ___ o'clock __ M.


_____
Judge Presiding

**CAUSE NO. F13–62223–U**

| | | |
|---|---|---|
| **THE STATE OF TEXAS** | () | **IN THE 291st DISTRICT** |
| | () | |
| **VS** | () | **COURT OF** |
| | () | |
| **ALEXIS MURILLO** | () | **DALLAS COUNTY, TEXAS** |

## ORDER

On _____ day of _____, _____, came on to be heard the motion of Defendant, Alexis Murillo, to set aside the verdict and judgment herein rendered, and grant her a new trial of this cause; and the state being present in court by her assistant district attorney and the Defendant, Alexis Murillo, being present in court in person, and the court having heard the said motion, and the evidence thereon submitted, is of the opinion the same should be granted. It is therefore considered, ordered and adjudged by the court that the said motion be and the same is granted; and the verdict, judgment of conviction and sentence entered against the said defendant, Alexis Murillo, at a former day of this term are set aside and vacated, and the said defendant is granted a new trial of this cause.

_____
Judge Presiding

OR

## ORDER DENYING MOTION FOR NEW TRIAL

It is therefore considered, ordered, and adjudged by the court that the said motion for new

trial herein be and the same is refused, and in all things overruled.


_____

Judge Presiding

# INMATE AFFIDAVIT

INMATE DECLARATION (Chapter 132, Texas Civil Practice and Remedies Code). I, Alexis Murillo, declare under penalty of perjury that I am incarcerated in the Dallas County Jail, a penal institution and that I have read the aforegoing statements in the Motion for New Trial and state that the statements are true and correct. I further request an evidentiary hearing to substantiate the aforementioned allegations by evidence to be adduced at said hearing.

Signed this the ___January 14___, 2015.

X _Cof. Murillo_

Alexis Murillo

BIN# _14028077_

Dallas County Jail

Witnessed by:

_Wynne ⁱᵗ 2947_____, Jailer